**Balkar SINGH, Petitioner,**

v.

**Eric H. HOLDER, JR.,\* United States Attorney General, Respondent.**

**Nos. 08–0971–ag(L), 08–3869–ag(Con).**

United States Court of Appeals, Second Circuit.

May 4, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

Richard W. Chen, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Janice Redfern, Senior Litigation Counsel; Jessica E. Sherman, Trial Attorney; Scott Rempell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Balkar Singh, a native and citizen of India, seeks review of: (1) the January 29, 2008 order of the BIA, affirming the February 8, 2007 decision of Immigration Judge ("IJ") Noel Ann Brennan, which denied his motion to reopen; and (2) the July 8, 2008 order of the BIA, denying his motion to reconsider and reopen. *In re Balkar Singh*, No. A72 380 072 (B.I.A. Jan. 29, 2008), *aff'g* No. A72 380 072 (Immig. Ct. N.Y. City Feb. 8, 2007); *In re Balkar Singh*, No. A72 380 072 (B.I.A.

July 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we note that motions to reopen *in absentia* deportation orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir.2006); *In re M–S–*, 22 I. & N. Dec. 349, 353–55 (BIA 1998) (en banc). Accordingly, where, as here, an alien files a motion that seeks both rescission of an *in absentia* removal order, as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n. 1 (2d Cir. 2006).

Where the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the denial of a motion to rescind an *in absentia* deportation order under the same abuse of discretion standard applicable to motions to reopen and motions to reconsider. *See Maghradze*, 462 F.3d at 152–53; *Alrefae*, 471 F.3d at 357; *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam).

■ The agency did not abuse its discretion in denying Singh's motions to rescind as untimely.

(A) An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed:

(1) Within 180 days after the date of the order of deportation if the alien demon-

strates that the failure to appear was because of exceptional circumstances beyond the control of the alien (e.g., serious illness of the alien or serious illness or death of an immediate relative of the alien, but not including less compelling circumstances); or

(2) At any time if the alien demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien.

8 C.F.R. § 1003.23(b)(4)(iii)(A). Singh admits that he received notice of the date of the hearing that he failed to attend. Accordingly his motions are subject to Section 1003.23(b)(4)(iii)(A)(1)'s 180–day time limit, and the BIA did not err in finding that Singh's January 2007 and February 2008 motions to rescind were untimely where the IJ issued an *in absentia* deportation order in February 1998. *See also Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006). Nor did the BIA err in concluding that Singh failed to provide grounds for equitably tolling the 180–day time limit. Accepting that Singh showed "exceptional circumstances" excusing his failure to appear at the hearing, the agency reasonably concluded that he did not exercise due diligence in pursing rescission of his *in absentia* removal order. *See Cekic v. I.N.S.*, 435 F.3d 167, 171–72 (2d Cir.2006). As the BIA noted, Singh's "affidavit and evidence shows that he pursued or could be excused from pursuing his case during certain periods of time." However, he did not provide the agency with any details regarding his actions between April 2001 and August 2005. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007) (citing several cases in which the Court held that "a petitioner who waits two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate due diligence"). Singh argues that he exercised

due diligence because he was waiting to become eligible to adjust his status between April 2001, the approval date of the immigrant visa petition filed by his wife on his behalf, and August 2005, the date his wife became a naturalized U.S. citizen. However, this argument does not demonstrate that Singh exercised "due diligence in pursuing [his asylum] case." *See Cekic*, 435 F.3d at 171. Accordingly, we find that the agency did not abuse its discretion in denying Singh's motions to rescind his *in absentia* deportation order.

■ The agency also did not abuse its discretion in finding untimely Singh's motions to reopen, which were filed more than eight years after the agency issued its final order of deportation. *See* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1) (requiring an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). Moreover, Singh does not argue that an exception to the time limitation should excuse the untimeliness of his motions to reopen. *Cf.* 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4) (providing exceptions to the time and numerical limitations for filing a motion to reopen). Furthermore, we lack jurisdiction to review the agency's decision insofar as it declined to exercise its discretionary power to *sua sponte* reopen proceedings to allow Singh to seek adjustment of his status. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

■ Finally, we note that by failing to challenge the BIA's denial of his motion to reconsider in his appeal briefs, Singh waives any challenge to that decision. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Further, we may not consider the extra-record evidence that Singh includes in the joint ap-

pendix because we must "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the consolidated petitions for review are DENIED. As we have completed our review, the pending motion for a stay of removal in these petitions is DISMISSED as moot.